**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

MORRIS S. GLOVER,         )
                                 )
             Plaintiff,    )
                                 )
         v.                )
                                 )   Civil Action No. 19-734
DANIEL E. COHEN, BRUCE C.    )
JOHNSON, SUZANNE KAMEESE,   )
LOWELL FRENCH and CREATIVE   )
INTEGRATION & DESIGN, INC.,   )
                                 )
            Defendants.   )

## MEMORANDUM OPINION

### I.    INTRODUCTION

In the mid-1990's, *pro se* Plaintiff Morris S. Glover litigated a patent infringement lawsuit against CNS, Inc. in the United States District Court for the Northern District of Ohio.   In May 1996, the district court granted summary judgment in favor of CNS in that case, and the decision was affirmed by the United States Court of Appeals for the Federal Circuit in April 1997.   Now, over two decades later, Plaintiff seeks to relitigate his patent infringement claim against a number of different defendants in this case, asserting that the prior final summary judgment decision somehow denied him due process and his Seventh Amendment right to a jury trial which violates his civil rights under 42 U.S.C. §§ 1983, 1985 and 1986.

Presently before the Court are three Motions to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) filed by Defendant Suzanne Kameese (Docket Nos. 27, 28), Defendants Bruce C. Johnson and Creative Integration & Design, Inc. ("CID") (Docket Nos. 31, 32), and Defendant Daniel E. Cohen (Docket Nos. 50, 51), Plaintiff's Responses in opposition thereto, and

Defendants' Replies.   (Docket Nos. 33-35, 37, 52-55).   After careful consideration of the parties' arguments in light of the prevailing legal standards, and for the following reasons, the Motions to Dismiss are granted, and Plaintiff's Complaint is dismissed in its entirety as to all Defendants with prejudice.[1]

## II.   **BACKGROUND**

As alleged in the Complaint, Plaintiff submitted his idea for a device he calls the "Nose Bridge" to American Idea Management Corporation ("AIM"), owned by Defendant Suzanne Kameese, on November 19, 1987.   (Docket No. 1 at 2).   According to Plaintiff, instead of assisting its inventor/clients in obtaining a patent by submitting their ideas to companies for marketing, AIM was "running a scam" and selling those ideas for its own profit.   (*Id.*).   Plaintiff claims that AIM supposedly submitted his ideas to various companies, but he subsequently found out that the companies either did not exist or, if they did, they had never heard of AIM.   (*Id.*).

With the assistance of legal counsel, Plaintiff eventually obtained two patents for the "Nose Bridge," which he says he invented to help drain the nose: a design patent issued on October 25, 1994, U.S. Patent No. Des. 351,924 (the "'924 Design Patent"); and a utility patent

---

[1]     Plaintiff's Complaint is devoid of allegations which would permit the Court to determine whether venue is proper in the Western District of Pennsylvania.   Nonetheless, "the right to defend suit in the appropriate venue is conferred for the personal benefit of defendant and may be waived by defendant."   *Breland v. ATC Vancom, Inc.*, 212 F.R.D. 475, 476 (E.D. Pa. 2002) (citing *Davis v. Smith*, 253 F.2d 286, 288 (3d Cir. 1958)); *see* 28 U.S.C. § 1406(b) ("Nothing in this chapter shall impair the jurisdiction of a district court of any matter involving a party who does not interpose timely and sufficient objection to the venue.").   Given that none of the Defendants have argued that venue is improper in this District and instead have moved to dismiss Plaintiff's Complaint on the various grounds discussed herein, the Court concludes that Defendants intended to waive any improper venue argument and will proceed to rule on their Motions to Dismiss.   *See Nathan v. Takeda Pharms. U.S.A., Inc.*, Civ. Action No. 18-4547, 2019 WL 3216613, at *3 n.4 (E.D. Pa. July 17, 2019) ("[W]here a defendant does not 'interpose timely and sufficient objection to the venue,' the district court retains jurisdiction, even if venue would otherwise be improper." (citing 28 U.S.C. § 1406(b)).

issued on November 14, 1995, U.S. Patent No. 5,466,456 (the "'456 Utility Patent").[2]   (Docket No. 1 at 3, 4).

Plaintiff next recounts that he saw a commercial in 1994 for the "Breathe Right Dilator," which he alleges "looked just like [his] patented design."   (Docket No. 1 at 4).   He subsequently engaged legal counsel to investigate the matter.   (*Id.*).

As explained in Declarations from the prior litigation which are attached to Plaintiff's Complaint, Defendant Johnson was the primary inventor of the Breathe Right Dilator.   (Docket No. 1-5 at 1, ¶ 1).   Johnson applied for patents on the device beginning in 1991, and presented a prototype for it to CNS in October 1991.   (*Id.*).   Johnson transferred his rights in the Breathe Right Dilator to CID, which in turn granted CNS an exclusive license for the device in January 1992.   (*Id.*).   CNS began marketing the Breathe Right Dilator in October 1993.   (*Id.*).   As Johnson explained, the device improves nasal breathing by reducing nasal airflow resistance. (*Id.*, ¶ 3).

Defendant Cohen, who was the Chief Executive Officer, Treasurer and Chairman of the Board of CNS, attested that CNS manufactures and markets the Breathe Right Dilator, which was invented by Johnson.   (Docket No. 1-5 at 18, ¶¶ 1, 3).   Cohen confirmed that CNS received the exclusive license for the device in January 1992 and began marketing it in October 1993.   (*Id.*, ¶ 4).   Cohen explained that Plaintiff had nothing whatsoever to do with CNS or the Breathe Right Dilator at any time.   (*Id.* at 20, ¶ 9).

Plaintiff disagrees with Johnson and Cohen, claiming he believes that "[they] may have obtained data on his device from AIM who was known for their corrupt dealings with inventors."

---

2       To clarify, although Plaintiff's Complaint avers that he obtained patents for what he refers to as the "Nose Bridge," both the '924 Design Patent and the '456 Utility Patent are entitled and describe a "Facial Cleanser."   (*See* Docket Nos. 32-2; 32-3).

(Docket No. 1 at 4).   Without support, Plaintiff theorizes that Cohen purchased Plaintiff's idea and drawings from AIM, subsequently contacted Johnson and gave him the documents, and together they redesigned Plaintiff's drawings, reworded his documents, and renamed his idea the Breathe Right Dilator.   (*Id.*).   Based on these allegations, Plaintiff apparently attempts to assert a patent infringement claim again Johnson, CID and Cohen, claiming that the Breathe Right Dilator infringes his rights in the '924 Design Patent and the '456 Utility Patent.

As Plaintiff admits in his Complaint, however, he previously "filed a lawsuit against the companies in question in the Federal Court of Cleveland, Ohio for infringement."   (Docket No. 1 at 6).   That occurred on October 20, 1995, when Plaintiff sued CNS in the United States District Court for the Northern District of Ohio at Case No. 1:95CV2227, alleging that the Breathe Right Dilator infringed the '924 Design Patent and the '456 Utility Patent (hereinafter, the "Prior Ohio Litigation").   (*See* Docket No. 32-7 at 3).[3]   CNS moved for summary judgment in that case, arguing that its Breathe Right Dilator did not infringe either patent, and Plaintiff opposed the motion by contending that it was premature and he should have been allowed to obtain discovery from CNS.   (*Id.* at 4).   The district court rejected Plaintiff's position because he had had adequate time for discovery and, moreover, discovery would have been "an absurd waste of time," given that CNS demonstrated that there was no genuine issue as

---

3      "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents."   *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).   Here, Plaintiff's Complaint refers to the Prior Ohio Litigation and specifies that the court granted summary judgment in favor of the defendant in that case. (Docket No. 1 at 6).   Although Plaintiff did not attach to his Complaint the district court's Memorandum Opinion and Order from the Prior Ohio Litigation, Defendants Johnson, CID and Cohen filed it as an exhibit to the Briefs in Support of their Motions to Dismiss.   (Docket Nos. 32-7; 51-7).   This Court may properly take judicial notice of the Memorandum Opinion and Order from the Prior Ohio Litigation.   Where, as here, a Rule 12(b)(6) motion raises issue preclusion, and the plaintiff has not included the substance of the prior adjudication in the body of, or attachments to, his complaint, "it is axiomatic that a court must still consider the prior adjudication in order to determine whether issue preclusion bars that plaintiff's claims."   *M & M Stone Co. v. Pennsylvania*, 388 F. App'x 156, 162 (3d Cir. 2010).   In that instance, the Third Circuit Court of Appeals has held that "a prior judicial opinion constitutes a public record of which a court may take judicial notice."   *Id.*

to any material fact.   (*Id.* at 4, 5).   The district court explained that CNS presented evidence supporting its noninfringement motion and Plaintiff failed to proffer any evidence that raised a genuine issue of material fact on noninfringement.   (*Id.* at 13).   Ultimately, the district court found that CNS's "Breathe Right® device is completely distinct from [P]laintiff's facial cleanser" and granted summary judgment in favor of CNS.   (*Id.* at 13, 14).   The United States Court of Appeals for the Federal Circuit summarily affirmed the district court's judgment on April 7, 1997.   (Docket No. 32-11).   Following that decision, the named Defendants here "heard nothing further from [Plaintiff] until 2019" when he initiated this lawsuit for "[p]atent infringement, conspiracy for a summary judgment making Plaintiff's patents invalid," as well as "[d]enial of due process of law, VII Amendment to the Constitution which renders a void judgment," and "42 U.S.C. §§ 1983, 1985 and 1986."   (*See* Docket Nos. 1 at 1; 32 at 5).

In response to Plaintiff's Complaint, all remaining Defendants have filed Motions to Dismiss.[4]   Defendants Johnson, CID and Cohen argue that Plaintiff's Complaint should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) because, even under the most liberal construction of the facts, it does not state a plausible claim for relief.   (Docket Nos. 32 at 8; 51 at 8).   Specifically, Defendants Johnson, CID and Cohen contend that the Complaint does not allege the elements of patent infringement but, even if it did, the claim is barred by the judgment in the Prior Ohio Litigation and the '924 Design Patent and the '456 Utility Patent expired well before the applicable limitations period.   (Docket Nos. 32 at 8; 51 at 8-9).   These Defendants additionally maintain that the remaining claims have no factual support and are time-barred as well.   (Docket Nos. 32 at 8; 51 at 9).   Defendant Kameese likewise argues that

---

4       Lowell French originally was named as a Defendant in this case; however, by Order dated March 5, 2020, Plaintiff's claims against Defendant French were dismissed without prejudice.   (*See* Docket Nos. 29, 30).

the Complaint should be dismissed pursuant to Rule 12(b)(6) because Plaintiff's claims against her fail as a matter of law.   (*See generally* Docket No. 28).   For reasons explained below, Defendants are correct on all counts.

III.   **ANALYSIS**

A.   **Plaintiff's Patent Infringement Claim is Barred by Issue Preclusion.**

As recounted above, Plaintiff filed a federal lawsuit against CNS over 25 years ago for patent infringement, alleging that CNS's Breathe Right Dilator infringed his '924 Design Patent and '456 Utility Patent.   The district court entered summary judgment in favor of CNS, finding as follows: the Breathe Right Dilator did not literally infringe the '456 Utility Patent because "the Breathe Right® device has none of the key elements of claim 1 of the '456 patent;" the Breathe Right Dilator did not infringe the '456 Utility Patent under the doctrine of equivalents because it "does not perform substantially the same function in substantially the same way to achieve substantially the same result as the product covered by the '456 patent;" and the Breathe Right Dilator did not infringe the '924 Design Patent because "there is no real resemblance between the two designs," "[t]he two designs are not substantially the same," and any resemblance would not "deceive an ordinary observer."   (Docket No. 32-7 at 8, 10, 11-12). The district court's judgment was summarily affirmed on appeal.   (Docket No. 32-11).   At that point, Plaintiff took no further action regarding the Prior Ohio Litigation.

Despite the final decision in the Prior Ohio Litigation that CNS's Breathe Right Dilator did not infringe the '924 Design Patent and '456 Utility Patent, Plaintiff now seeks to relitigate that very same issue against different Defendants in this case.   Plaintiff's attempt at a second bite at the apple on his patent infringement claim is underscored by his request that this Court "declare the Summary Judgment a void judgment ruling" and "reinstate [his] patents so that [he]

6

can prove that he is the original owner of the 'Nose Bridge' idea and that Bruce C. Johnson and others infringed upon his idea."   (Docket No. 1 at 11).

Defendants Johnson, CID and Cohen argue that Plaintiff's patent infringement claim in this case is barred by issue preclusion.   (See Docket Nos. 32 at 10-12; 51 at 11-13).   The Court agrees.

"Under the doctrine of issue preclusion, a determination by a court of competent jurisdiction on an issue necessary to support its judgment is conclusive in subsequent suits based on a cause of action involving a party or one in privity."   *Delaware River Port Auth. v. Fraternal Order of Police*, 290 F.3d 567, 572 (3d Cir. 2002).   "Stated broadly, issue preclusion prevents relitigation of the same issues in a later case."   *Id.*   The present case involves defensive use of issue preclusion which " 'occurs when a defendant seeks to prevent a plaintiff from asserting a claim the plaintiff has previously litigated and lost against another [party]' in an earlier action." *Ligato v. Wells Fargo Bank, N.A.*, Civ. No. 16-5683, 2018 WL 1141328, at *6 (E.D. Pa. Mar. 2, 2018) (quoting *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326 n.4 (1979)).   "Defensive use promotes judicial economy because the estoppel 'precludes a plaintiff from relitigating identical issues by merely switching adversaries.' "   *Ligato*, 2018 WL 1141328, at *6 (quoting *Parklane Hosiery*, 439 U.S. at 329).

"The prerequisites for the application of issue preclusion are satisfied when: (1) the issue sought to be precluded [is] the same as that involved in the prior action; (2) that issue [was] actually litigated; (3) it [was] determined by a final and valid judgment; and (4) the determination [was] essential to the prior judgment."   *Peloro v. United States*, 488 F.3d 163, 174–75 (3d Cir. 2007) (internal quotation marks and citations omitted).   Additionally, for defensive issue preclusion to apply, "the party to be precluded must have had a 'full and fair'

7

opportunity to litigate the issue in the first action."   *Id.* at 175 (citing *Parklane Hosiery*, 439 U.S. at 328, 332).   All of the prerequisites for the application of issue preclusion are easily satisfied here.

First, the issue sought to be precluded is the same as that involved in the Prior Ohio Litigation – in both instances, Plaintiff's claim that the Breathe Right Dilator infringes his patents. As the district court explained in the Prior Ohio Litigation, "Plaintiff, Morris S. Glover, alleges in the complaint that defendant, CNS, Inc.'s product, the Breathe Right® device, infringes Design Patent No. 351,924 . . . and Patent No. 5,466,456 . . . owned by [P]laintiff."   (Docket No. 32-7 at 3).   Once again in this case, Plaintiff asserts that the Breathe Right Dilator infringes the '924 Design Patent and the '456 Utility Patent.   (Docket No. 1 at 3-6).

Second, Plaintiff and CNS actually litigated the issue of whether the Breathe Right Dilator infringed the '924 Design Patent and the '456 Utility Patent in the Prior Ohio Litigation.   As Plaintiff concedes in his Complaint, he "filed a lawsuit against the companies in question in the Federal Court of Cleveland, Ohio for infringement.   The Defendants filed for a Summary Judgment which the Court granted."   (Docket No. 1 at 6).   In granting summary judgment, the district court in the Prior Ohio Litigation thoroughly addressed the issue of infringement, ultimately finding that the Breathe Right Dilator did not infringe the '924 Design Patent because "there is no real resemblance between the two designs" that would "deceive an ordinary observer," and it did not infringe the '456 Utility Patent because it "has none of the key elements of claim 1."   (Docket No. 32-7 at 8, 11-12).   Therefore, the issue of infringement was actually litigated because it was resolved by the district court in the Prior Ohio Litigation.   *See Hofmann v. Pressman Toy Corp.*, 193 F. App'x 121, 123 (3d Cir. 2006) (citing *Mother's Rest., Inc. v. Mama's Pizza, Inc.*, 723 F.2d 1566, 1570 (Fed. Cir. 1983) ("An issue is 'actually litigated' if it was disputed

8

by the parties to the original action and resolved by the trier of fact.")).

Third, the issue of non-infringement was determined by a final and valid judgment.[5] After briefing was complete in the Prior Ohio Litigation, the district court found in its reasoned opinion that CNS "presented evidence supporting its noninfringement motion and [P]laintiff [did] not proffer[] any evidence that would raise a genuine issue of material fact on noninfringement. . . . The Breathe Right® device is completely distinct from [P]laintiff's facial cleanser."   (Docket No. 32-7 at 13).   Given that determination, the district court granted CNS's motion for summary judgment in the Prior Ohio Litigation, (*see id.*), which is a final and valid judgment for issue preclusion purposes.   *See Free Speech Coal., Inc. v. Attorney Gen.*, 677 F.3d 519, 541 (3d Cir. 2012) (factors that courts consider when determining whether a prior determination was sufficiently firm to constitute a final judgment include: whether the parties were fully heard; whether a reasoned opinion was filed; and whether that decision could have been, or actually was, appealed); *Prospect Funding Holdings, LCC v. Breen*, Civ. No. 2:17–CV–3328–KM–MAH, 2018

---

[5]    The Court notes that much of Plaintiff's Complaint in the present case focuses on his apparent disagreement with the district court's decision in the Prior Ohio Litigation granting summary judgment in favor of CNS.   To that end, Plaintiff complains that the district court in the Prior Ohio Litigation "made [his] patents invalid" and "ruled to invalidate [his] patents" by granting summary judgment.   (Docket No. 1 at 6, 7).   As previously noted, Plaintiff asks this Court to "declare the Summary Judgment a void judgment ruling and to reinstate [his] patents so that [he] can prove that he is the original owner of the 'Nose Bridge' idea and that Bruce C. Johnson and others infringed upon his idea."   (*Id.* at 11).   By these statements, Plaintiff either misapprehends or chooses to ignore what occurred in the Prior Ohio Litigation.   There, the district court granted summary judgment because it found that there was no genuine issue of material fact on noninfringement, meaning the district court determined that the Breathe Right Dilator did not infringe the '924 Design Patent and the '456 Utility Patent.   To be clear, the district court ruled concerning noninfringement; it did not "invalidate" the '924 Design Patent and the '456 Utility Patent as Plaintiff now erroneously maintains.   The patents remained valid until they expired.

With regard to the patents' expiration, as explained in Defendants' briefing, the '924 Design Patent expired on October 25, 2008, and the '456 Utility Patent expired on November 14, 2012.   (*See* Docket Nos. 32 at 12-13; 51 at 13).   A patent can be infringed only during the term of the patent, and the statute of limitations for infringement extends up to six years after a patent expires.   *See* 35 U.S.C. §§ 271(a), 286.   Therefore, even if Plaintiff's patent infringement claim was not barred by issue preclusion or was not otherwise deficient as explained herein, Plaintiff cannot pursue an infringement claim on the '924 Design Patent or the '456 Utility Patent because they expired and the statute of limitations on any associated claims have run.   *See SCA Hygiene Prods. Aktiebolag v. First Quality Baby Prods., LLC*, 137 S.Ct. 954, 961 (2017) (a patent holder may recover damages for infringement committed within the 6-year limitations period).

WL 734665, at *6 (D.N.J. Feb. 5, 2018) (concluding that prior federal court ruling granting summary judgment was a final and valid judgment for issue preclusion purposes).

Fourth, the determination that the Breathe Right Dilator did not infringe the '924 Design Patent and the '456 Utility Patent was essential to the judgment in the Prior Ohio Litigation, because summary judgment could not have been granted in favor of CNS if this issue had presented a "genuine issue of material fact."  *See Hofmann*, 173 F. App'x at 123 (citing Fed. R. Civ. P. 56(c)).

Finally, Plaintiff had a "full and fair opportunity" to litigate his patent infringement claim in the Prior Ohio Litigation.  As explained in the district court's decision, although Plaintiff contended that summary judgment was premature and he should have been allowed to obtain discovery, he had adequate time to have done so.   (Docket No. 32-7 at 4).   Plaintiff filed his case in October 1995, CNS's summary judgment motion was ripe for ruling in February 1996, but the district court did not rule on it until May 15, 1996.  (*Id.* at 3).   Following the grant of summary judgment in favor of CNS, Plaintiff pursued an appeal.  *See Hofmann*, 193 F. App'x at 123 (finding that *pro se* plaintiff's appeal of judgment in prior litigation indicated that she had a full and fair opportunity to litigate the issue for purposes of issue preclusion).   As Plaintiff had a "full and fair opportunity" to litigate the issue of whether the Breathe Right Dilator infringed the '924 Design Patent and the '456 Utility Patent in the Prior Ohio Litigation, he is precluded from raising it again here over two decades later.

### B.  Plaintiff's Claims Otherwise Fail as a Matter of Law.

Even if Plaintiff's patent infringement claim was not barred by issue preclusion, that claim, and all other claims he purports to assert in his Complaint, fail as a matter of law.

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, the well-pleaded

factual content in the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and also "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). When analyzing a motion to dismiss, the factual allegations should be separated from allegations that merely recite the legal elements of the claim. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The well-pleaded facts are accepted as true, but legal conclusions may be disregarded. *Id.* at 210-11. Next, a determination is made as to "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679). This "plausibility" determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Given that Plaintiff is proceeding *pro se*, the Court liberally construes his Complaint and employs less stringent standards than when judging the work product of an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, there are limits to the Court's procedural flexibility - "pro se litigants still must allege sufficient facts in their complaints to support a claim . . . they cannot flout procedural rules - they must abide by the same rules that apply to all other litigants." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citations omitted).

### 1. <u>Even if Plaintiff's Patent Infringement Claim Was Not Barred by Issue Preclusion, the Complaint Fails to State a Plausible Claim for Patent Infringement.</u>

To plead a patent infringement claim, a complaint must place the "potential infringer . . . on notice of what activity . . . is being accused of infringement." *Nalco Co. v. Chem–Mod, LLC*, 883 F.3d 1337, 1350 (Fed. Cir. 2018). Regarding a utility patent, "[t]o provide notice, a plaintiff must

generally do more than assert that the product infringes the claim; it must show *how* the defendant plausibly infringes by alleging some facts connecting the allegedly infringing product to the claim elements."   *Boston Sci. Corp. v. Nevro Corp.,* 415 F. Supp. 3d 482, 489 (D. Del. 2019) (emphasis in original) (citing *SIPCO, LLC v. Streetline, Inc.*, 230 F. Supp. 3d 351, 353 (D. Del. 2017) (granting a motion to dismiss an infringement claim because "[t]he complaint contains no attempt to connect anything in the patent claims to anything about any of the accused products")).   As to a design patent, a complaint must set forth a "basis on which to reasonably infer that an ordinary observer would confuse the pleaded patented designs with the accused [product]."   *Colida v. Nokia, Inc.*, 347 F. App'x 568, 570 (Fed. Cir. 2009).   Plaintiff's conclusory allegations in his Complaint, which primarily focus on his disagreement with the decision in the Prior Ohio Litigation, satisfy none of these requirements and therefore fail to state a claim for infringement of the '924 Design Patent or the '456 Utility Patent, even if the patent infringement claim was not barred by issue preclusion.

### 2.   Plaintiff's Remaining Claims Fail to State a Plausible Basis for Relief.

In addition to patent infringement, the cover sheet of Plaintiff's Complaint lists "42 U.S.C. §§ 1983, 1985 and 1986," "conspiracy for a summary judgment making Plaintiff's patents invalid," and "[d]enial of due process of law, VII Amendment to the Constitution which renders a void judgment."   (*See* Docket No. 1 at 1).   Even applying the most liberal construction possible to Plaintiff's Complaint, it fails to specify which Defendants these claims are asserted against, let alone contain allegations sufficient to plausibly state a claim for relief under any of these theories.   Overall, it appears that Plaintiff's purported claims stem from his dissatisfaction with the decision granting summary judgment in favor of CNS in the Prior Ohio Litigation, given his assertions that the district court "functioned as a clairvoyant as to how a jury

would decide the case, a denial of [his] right to a trial by a jury," and that he was "denied due process of law."   (Docket No. 1 at 9, 10).

As an initial matter, 42 U.S.C. § 1983 does not create any substantive rights, but rather provides a remedy for deprivations of rights created by the Constitution or federal law.   *See City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985).   "To state a claim for relief in an action brought under § 1983, [a plaintiff] must establish that [he was] deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law."   *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999).   As the Court deciphers Plaintiff's Complaint, he apparently alleges that the district court's grant of summary judgment in favor of CNS in the Prior Ohio Litigation somehow denied him due process and violated his Seventh Amendment right to a jury trial, which gives rise to a § 1983 claim.   Plaintiff fails to state a plausible claim for relief under § 1983, however, because the Complaint does not contain any factual allegations to suggest or infer that any of the named Defendants are state actors or that they acted under color of state law at any relevant time.[6] Plaintiff's bald, unsupported assertions in his Responses that Defendants were operating under color of law does not overcome this deficiency.   (*See* Docket Nos. 53 at 3, ¶¶ 5, 9; 55 at 1). Additionally, any § 1983 claim is time-barred because the applicable two-year statute of

---

6    Furthermore, Plaintiff claim that the district court's grant of summary judgment in favor of CNS in the Prior Ohio Litigation somehow denied him of his Seventh Amendment right to a jury trial provides no basis for relief.   As the Third Circuit Court of Appeals has explained, "[i]t is well settled that summary judgment, when properly granted, does not violate the Seventh Amendment."   *McLaud v. Industrial Res., Inc.*, 715 F. App'x 115, 120 n.4 (3d Cir. 2017) (citing *In re TMI Litig.*, 193 F.3d 613, 725 (3d Cir. 1999)).   There is no dispute that summary judgment was properly granted in the Prior Ohio Litigation, given that the Federal Circuit Court of Appeals affirmed the district court's decision on appeal.   Moreover, to the extent that Plaintiff claims that unspecified individuals "conspir[ed] for a summary judgment making Plaintiff's patents invalid," (*see* Docket No. 1 at 1), he has failed to allege any plausible basis for relief based on this unsupported and inaccurate assertion.   As explained, the district court's grant of summary judgment in favor of CNS in the Prior Ohio Litigation did not invalidate Plaintiff's patents.   *See supra* n.5.

limitations has run.[7]

Finally, although Plaintiff lists 42 U.S.C. § 1985 on the cover sheet of his Complaint, even when liberally construed in the light most favorable to him, the Complaint alleges none of the required elements to state a claim for conspiracy to interfere with his civil rights against any of the Defendants.   *See United Bhd. of Carpenters & Joiners of Am. v. Scott*, 463 U.S. 825, 828-29 (1983) (listing elements of § 1985 claim as "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is injured in his person or property or deprived of any right or privilege of a citizen of the United States.").   Because a sufficiently pled claim under § 1985 is a prerequisite to a § 1986 claim for failure to prevent a conspiracy, Plaintiff's listed § 1986 claim likewise fails.   *See Clark v. Clabaugh*, 20 F.3d 1290, 1295 (3d Cir. 1994) ("[T]ransgressions of § 1986 by definition depend on a preexisting violation of § 1985."). Furthermore, any claim under § 1985 or § 1986 is time-barred because the applicable statute of limitations has run.[8]

---

[7]     The statute of limitations for a § 1983 claim is governed by the personal injury tort law of the state where the cause of action arose.   *Wallace v. Kato*, 549 U.S. 384, 387 (2007).   It appears that Plaintiff's purported claims arise from the Prior Ohio Litigation, therefore Ohio law would apply.   "The statute of limitations for a § 1983 claim arising in Ohio is two years."   *Ruffin v. Kudley*, 2019 WL 2059605, at *2 (N.D. Ohio May 9, 2019).   Even if Pennsylvania law would apply, the statute of limitations also is two years.   *See Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009) ("The statute of limitations for a § 1983 claim arising in Pennsylvania is two years.").   The conduct Plaintiff complains of in his Complaint leading up to and culminating in the Prior Ohio Litigation occurred in the late 1980's and into the 1990's, and concluded when the Federal Circuit Court of Appeals affirmed the district court's decision on April 7, 1997. Any claims arising out of the Prior Ohio Litigation would have accrued on or about that time.   Thus, the two-year statute of limitations for any § 1983 claim arising from the Prior Ohio Litigation has long since run.

[8]     There is a two-year statute of limitations for a § 1985 claim under both Ohio and Pennsylvania law, *see Dotson v. Lane*, 360 F. App'x 617, 619 n.2 (6th Cir. 2010); *Garland v. US Airways Inc.*, 270 F. App'x 99, 103 (3d Cir. 2008), and a one-year statute of limitations for a § 1986 claim.   *See* 42 U.S.C. § 1986 ("[N]o action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued.").

**3.** **Curative Amendment is Not Warranted.**

The Court must allow amendment by the plaintiff in a civil rights case brought under § 1983 before dismissing pursuant to Rule 12(b)(6), irrespective of whether it is requested, unless doing so would be "inequitable or futile." *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007); *see also Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004) (where a complaint is vulnerable to dismissal pursuant to Rule 12(b)(6), the district court must offer the opportunity to amend unless it would be inequitable or futile).   Though cognizant of these holdings, the Court finds that allowing Plaintiff to amend his Complaint would be futile as to all claims for the reasons discussed herein.   As such, dismissal of Plaintiff's Complaint with prejudice is warranted.

**IV.** **CONCLUSION**

For the reasons set forth above, the Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendant Suzanne Kameese (Docket No. 27), Defendants Bruce C. Johnson and Creative Integration & Design, Inc. (Docket No. 31), and Defendant Daniel E. Cohen (Docket No. 50), each are GRANTED and Plaintiff's Complaint is DISMISSED in its entirety as to all Defendants WITH PREJUDICE.

An appropriate order follows.

*s/ W. Scott Hardy*
W. Scott Hardy
Date:        February 19, 2021        United States District Judge

cc/ecf:        All counsel of record

                Morris S. Glover (via U.S. mail)
                6361 Stonehaven Lane
                Bedford Heights, OH 44146