IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MORRIS S. GLOVER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 19-734 |
| DANIEL E. COHEN, BRUCE C. | ) |
| JOHNSON, SUZANNE KAMEESE, | ) |
| LOWELL FRENCH and CREATIVE | ) |
| INTEGRATION & DESIGN, INC., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

Presently before the Court is *pro se* Plaintiff Morris S. Glover's "Motion: Objection to the Court's Memorandum Opinion." (Docket No. 68). The Court construes Plaintiff's filing as a motion for reconsideration given his request that the Court "revisit" the Memorandum Opinion filed on February 19, 2021, which granted the Defendants' motions to dismiss and dismissed his Complaint in its entirety as to all Defendants with prejudice. (*See* Docket Nos. 63; 68 at 4). In requesting reconsideration, Plaintiff expresses his disagreement with the Memorandum Opinion, contending that it is a void judgment because he requested a jury trial and it was somehow improper for the Court to have ruled upon, and granted, the Defendants' motions to dismiss.[1] (*See generally* Docket No. 68). For the following reasons, Plaintiff's request for reconsideration is DENIED.

---

[1] Defendant also incorrectly claims that the undersigned did not sign the Memorandum Opinion, Order and Judgment. (Docket No. 68 at 1). The undersigned electronically signed each of those documents, (*see* Docket Nos. 63 at 15; 64; 65), which is permissible pursuant to this Court's Standing Order relating to Electronic Case Filing Policies and Procedures. *See* MC 05-186, Docket Nos. 1; 1-1, ¶ 5 ("All signed orders will be filed electronically by the court or court personnel. An order filed electronically without the original signature of a judge shall have the same force and effect as if the judge had affixed a signature to a paper copy of the order and the order had been entered on the docket in a conventional manner.").

1

As the parties are familiar with the facts of this matter, which are fully detailed in the Memorandum Opinion, (Docket No. 63), the Court turns to the governing legal standards. "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Donegan v. Livingston*, 877 F. Supp. 2d 212, 226 (M.D. Pa. 2012) (citation omitted). Therefore, the Court may grant a motion for reconsideration only if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence which was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *Max's Seafood Café by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). In sum, "motions for reconsideration should be granted sparingly and may not be used to rehash arguments which have already been briefed by the parties and decided by the Court." *PBI Performance Prods., Inc. v. NorFab Corp.*, 514 F. Supp. 2d 732, 743–44 (E.D. Pa. 2007) (citation omitted).

In this instance, Plaintiff has failed to meet his burden to demonstrate that the Court should reconsider its Memorandum Opinion because he has not pointed to any intervening change in the controlling law, new evidence which was not available at the time of the decision, or clear errors of fact or law creating a manifest injustice.[2] Instead, Plaintiff merely expresses his disagreement with the Court's decision and repeats arguments that were previously rejected, neither of which

---

[2] Although the Court liberally construes Plaintiff's filing given that he is proceeding *pro se*, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Court additionally notes that his request for reconsideration was not timely filed. Pursuant to ¶ II.C(6) of this Court's Interim Civil Practices and Procedures, (available at https://www.pawd.uscourts.gov/sites/pawd/files/Interim_Civil_Practices_Procedures_Hardy.pdf), a motion for reconsideration must be filed within seven (7) days of the order at issue. In this case, the Memorandum Opinion was filed on February 19, 2021, and Plaintiff did not file his "Motion: Objection to the Court's Memorandum Opinion" in which he seeks reconsideration until March 24, 2021.

support reconsideration. *See Donegan*, 877 F. Supp. 2d at 226. Accordingly, Plaintiff's "Motion: Objection to the Court's Memorandum Opinion" (Docket No. 68) is DENIED.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

Date:   March 25, 2021

cc/ecf:   All counsel of record

      Morris S. Glover (via U.S. mail)
      6361 Stonehaven Lane
      Bedford Heights, OH 44146